Roia Shefayee (SBN: 236179)
WEISS LAW, PC
1151 Harbor Bay Parkway, Suite 134
Alameda, CA 94502
(510) 581-1857
(650) 581-9493
rshefayee@wslawgroup.com

Attorneys for Plaintiff
WEISS LAW, P.C.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEISS LAW, P.C., a California Professional Corporation<br><br>      Plaintiff<br>vs.<br><br>AWRISH BUILDERS, a Corporation organized under the laws of Afghanistan, FAISAL RAHIM, an Individual, ABDUL MUJEEB MOHMAND, an Individual, ABDUL MUQEEM MOHMAND, an Individual<br><br>      Defendants | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES** |

# COMPLAINT

Weiss Law, P.C. ("Plaintiff") by and through its undersigned counsel, pursuant to the Federal Rules of Civil Procedure, files this Complaint, and, in support thereof, states:

## STATEMENT OF PARTIES

1. Plaintiff is a professional corporation organized under the laws of the State of California and maintains its principle place of business at 1151 Harbor Bay Parkway Ste. 134. Alameda, California 94502. Plaintiff is qualified to provide legal services in the State of California.

2. Awrish Builders ("Awrish") is a corporation organized under the laws of Afghanistan and maintains its principle place of business in Kabul, Afghanistan.

3. Abdul Muqeem Mohmand ("Muqeem") is a citizen and resident of State of Virginia. Muqeem is the president and a shareholder of Awrish.

4. Abdul Mujeeb Mohmand ("Mujeeb") is a citizen and resident of Kabul Afghanistan. Mujeeb is a majority shareholder of Awrish.

5. Faisal Rahim ("Rahim") is a citizen and resident of the city of London United Kingdom. Rahim is the vice president and a shareholder of Awrish.

## JURISDICTION

6. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Plaintiff is incorporated under the laws of California with its principal place of business in California. Awrish is a company organized under the laws of a foreign country with its principal place of business in Kabul, Afghanistan. Mujeeb and Rahim are citizens of foreign nations. Muqeem is a citizen of the State of Virginia. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of Seventy-Five Thousand Dollars and Zero Cents ($75,000.00).

7. Venue in the District of California, Northern Division is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions on which the claims are based occurred in the District of California, Northern Division.

# STATEMENT OF FACTS

A. **Plaintiff's Agreement With Awrish**

8. In or about October of 2016, Plaintiff and Awrish entered into a written retainer agreement ("Agreement"). The Agreement was signed by Awrish vice president Rahim. The terms of the Agreement included representation of Awrish before the Armed Services Board Of Contract Appeals ("ASBCA"). The Agreement was a hybrid consisting of upfront payment of $10,000 and twenty percent (20%) contingency if a settlement or judgment is obtained. In turn, Plaintiff agreed to prosecute the appeal of Awrish before the ASBCA Case No. 60466. For two and half years, Plaintiff provided legal services to Awrish in the appeal and bringing the appeal to a settlement.

9. On or about November of 2018, the United States Army Corps of Engineers ("USACE") agreed in writing to pay Awrish approximately $991,313.27 ("Settlement Fund") as a final payment under the Contract No. W5J9LE-11-C-0025 (the "Contract") as part of settling Awrish's appeal before the ASBCA. Prior to payment of Settlement Fund, USACE was obligated to issue a contract modification for the Contract within 90 days from November 2018, and Awrish was obligated to issue an invoice to USACE for the amount of the Settlement Fund.

10. The USACE never issued the contract modification within 90 days of the executed settlement agreement because of its concerns that the Settlement Fund will not reach Awrish's subcontractors. On or about April 17, 2019, USACE counsel held a video conference with Awrish's president Muqeem, vice president Rahim, and shareholder Mujeeb. Rahim denied knowing about the settlement or signing the settlement agreement or knowing about the instruction of deposit of Settlement Fund to Plaintiff's trust account. Instead, Rahim requested that Awrish wants to directly communicate with counsel for USACE.

11. As a result of Rahim's conduct, on April 18, 2019, Plaintiff filed a notice of withdrawal as Awrish's counsel with ASBCA and served Awrish with a notice of Client's Right to Fee arbitration.

On April 19, 2019, Plaintiff filed a Notice of Attorney's Charging Lien with ASBCA. Plaintiff's reserve the right to arbitrate the fee dispute should Awrish agree within 30 days from April 18, 2019.

**B.    USACE Condition For Payment Of Settlement Fund**

12.    As a condition of payment, the USACE sought assurance from Awrish that Settlement Fund will go to subcontractors. Awrish vice president Rahim testified under oath that the prosecution of the appeal is for the benefit of Awrish's subcontractors and further agreed under oath that the USACE can deposit the Settlement Fund to an escrow account to be distributed to subcontractors.

13.    In written communication to USACE, as counsel for Awrish, Plaintiff assured the USACE that if Settlement Fund are deposited in Plaintiff's Client Trust account, then Plaintiff will make sure that each subcontractor receives their appropriate share, and Plaintiff will obtain from each subcontractor signed release of liability and receipt of their share of the Settlement Fund.

**C.    Awrish's Local Agent**

14.    From October 2016 until March of 2019, Plaintiff extensively interacted with Awrish's local agent, who resides in San Francisco Bay Area, about the prosecution of the appeal before the ASBCA. The agent had an irrevocable power of attorney from Awrish with broad scope to take all actions as necessary on behalf of Awrish concerning the appeal before the ASBCA.

15.    The existence of the agency was confirmed to Plaintiff by Muqeem in person when Muqeem and the agent appeared at Plaintiff's offices in Alameda California to discuss retention of Plaintiff as counsel for the appeal before the ASBCA. Further, throughout the prosecution of the Appeal, the existence of the agency was confirmed to Plaintiff by Awrish.

16.    At no time during Plaintiff's representation of Awrish, did Awrish, Rahim, Muqeem, and Mujeeb instruct Plaintiff that the agent is not to be communicated with or the agent does not have the authority to act on behalf of Awrish.

17. Awrish's agent assisted Plaintiff during the discovery period of the appeal by providing relevant and significant evidence to Plaintiff about the claim of Awrish against USACE. The agent provided Plaintiff access to witnesses and clarified the large amount of documentary evidence that the agent provided to Plaintiff.

18. The agent was one of the officers and shareholders of Boston Global Construction Company ("BGCC"), a corporation organized under the laws of Afghanistan that had purchased all the rights to the Contract from Awrish. BGCC and the other subcontractors had performed all the work under the Contract before the Contract was terminated by USACE.

19. BGCC had retained all the subcontractors who worked on the Contract. BGCC remained contractually liable to all the subcontractors for payments under the Contract.

20. With Awrish's approval, the agent took a proactive role in assisting Plaintiff with the prosecution of the appeal.

D. **Awrish's Course Of Conduct**

21. After the USACE cancelled the Contract, USACE Contracting Officer counteroffered a small amount to Awrish's claim. Awrish refused to file a claim with the ASBCA or Court of Claim. The BGCC agent through a different counsel filed the notice of Appeal before the ASBCA to preserve Awrish's right to appeal and meet the statutory time limit on filing appeal. But-for the BGCC agent's intervention, the right to appeal the USACE Contracting Officer's decision would have been time barred.

22. After termination of the Contract, USACE sought site demobilization proposal from Awrish and agreed to pay Awrish approximately $1,500,000 for the work. This money was supposed to go to BGCC and other subcontractors which performed the site closeout and demobilization after cancellation of the contract.

23. However, the money never reached the subcontractors. Instead, as the Prime Contractor with the USACE, Awrish received the funds for site closeout and demobilization. Once

the funds were received by Awrish, Muqeem moved to Virginia, and Rahim moved to London United Kingdom. Mujeeb moved his family to Virginia. Muqeem and Mujeeb obtained United States residency pursuant to Special Immigrant Visa alleging that they worked on a contract with the United States.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

24. Plaintiff hereby restates and realleges the allegations set forth in paragraphs 1 through 23 above and incorporates them by reference.

25. Plaintiff entered into a written Agreement with Awrish to provide Awrish with legal representation before the ASBCA, in the Appeal of Awrish, Case No. 60466. Awrish agreed to compensate Plaintiff with twenty percent of any recovery from the appeal either through settlement or judgment.

26. Plaintiff performed under the Agreement. USACE agreed to pay Awrish close to one million dollars pursuant to a settlement agreement. Prior to disbursement of the Settlement Fund, Awrish informed the USACE office of counsel that Awrish wants to directly communicate with USACE. On April 18, 2019, Plaintiff filed a notice of withdrawal with the ASBCA. On April 18, 2019, Plaintiff served Awrish with a Notice of Client's Right to Arbitrate Fee Dispute. On April 19, 2019, Plaintiff filed a Notice of Attorney's Charging Lien with ASBCA.

27. Awrish breached the Agreement with Plaintiff by informing the USACE office of counsel that Awrish wants to communicate directly with USACE. Awrish informed USACE counsel that it did not sign the settlement agreement and it was not aware of any settlement. Awrish informed the USACE counsel that it does not wish that Settlement Fund be deposited with Plaintiff's trust account. As a result of Awrish's conduct, Plaintiff was forced to withdraw as counsel for Awrish. Awrish's conduct as described was geared specifically to cause Plaintiff

WEISS LAW, PC
1151 Harbor Bay Parkway, Suite. 134
Alameda, CA 94502

damage by denying Plaintiff its fee under the Agreement. Awrish's conduct did cause Plaintiff damages in an amount exceeding $75,000.

## SECOND CLAIM FOR RELIEF

### (Fraud)

28. Plaintiff hereby restates and realleges the allegations set forth in paragraphs 1 through 27 above and incorporates them by reference.

29. On or about October 2016, Muqeem, Mujeeb, and Rahim (collectively, "Defendants") made promises to Plaintiff that if Plaintiff provide legal services to Awrish, Plaintiff can recover twenty percent (20%) of any money that USACE pays Awrish pursuant to its claim against USACE.

30. Plaintiff provided Awrish legal services for more than two years before the ASBCA. Because of Plaintiff's efforts and use of resources, USACE agreed to pay Awrish approximately one million dollars in settlement of Awrish's claim against USACE. USACE requested and Awrish agreed that the Settlement Fund will be deposited in Plaintiff's Client-Trust account.

31. However, on April 17, 2019, Rahim informed USACE counsel that they have never agreed to deposit any Settlement Fund to Plaintiff's Client-Trust account and instead requested that Rahim wants to directly communicate with the USACE counsel.

32. On April 18, 2019, Plaintiff filed a notice of withdrawal as Awrish's counsel before the ASBCA.

33. The representation that Awrish would pay twenty percent (20%) of any settlement or judgment to Plaintiff was false. Defendants had no intention to pay Plaintiff. Similar to receiving 1,500,000 from USACE for site closeout and demobilization, which the funds never reached the subcontractors, by requesting to communicate directly with the USACE and by denying to know of the existence of settlement, and by denying that Awrish agreed that Settlement Fund be deposited in

Plaintiff's client-trust account, Defendants schemed to deny Plaintiff its fee of twenty percent (20%) under the Agreement.

34. Plaintiff was unaware of the misrepresentation and had no means of discovering the false promise at the time it was made. Plaintiff justifiably and reasonably relied on the misrepresentation to its detriment. Defendant's conduct was intentional with malice. As a result, Plaintiff was damaged in an amount in excess of $75,000, and Defendant's misrepresentation was a substantial factor in causing the damage.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following:

A. An award of damages.

B. Interest and costs,

C. Attorney's fees pursuant to the retainer agreement.

D. Such further relief as this Court may deem just and equitable.

Dated: April 23, 2019               WEISS LAW, PC

By: _____
Roia Shefayee Attorneys for Plaintiff
WEISS LAW, P.C.