UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| WEISS LAW, P.C., <br>         Plaintiff, <br> v. <br> AWRISH BUILDERS, et al., <br>         Defendants. | Case No. 19-cv-02258-LB <br><br> **ORDER ADDRESSING SERVICE ON THE GOVERNMENT AND SERVICE BY EMAIL ON DEFENDANTS** <br><br> Re: ECF No. 8, 13 |

The court previously issued an order directing the plaintiff to serve the United States with notice of the motion for preliminary injunction and to supplement its briefing on the issue of alternative service.[1]

The first issue is service on the United States. The declaration says only this about service: "I [] served the Motion for Preliminary Injunction to [the] United States Attorney's Office in San Francisco and on James Stephens United States Army Corps of Engineers ("USACE") Attorney in Virginia. . . Mr. Stephens replied to my email and said he is not authorized to represent the USACE before the Northern District of California."[2] The certificate of service filed on the docket

---

[1] Order – ECF No. 20. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Shefayee Supp. Decl. – ECF No. 23 at 2 (¶¶ 3, 5).

ORDER – No. 19-cv-02258-LB

on May 21, 2019 shows that the motion for preliminary injunction was "send by United States mail" to "United States Attorney's Office, Federal Court House, 450 Golden Gate Ave. Fl. 11, San Francisco, CA 94102."[3] Federal Rule of Civil Procedure 4(i)(1) governs service on the United States:

> (1) [] To serve the United States, a party must:
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought – or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk – or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1). While the plaintiff may have served the United States properly, the court cannot tell and thinks at minimum, service needs to be in person, at 450 Golden Gate Avenue, San Francisco, California 94102, or by registered or certified mail. Also, the court's view is that this process — particularly service to the United States Attorney — may provide a means to preserve the status quo by stipulation and moot the pending motion for a preliminary injunction. In any event, the United States needs notice of the motion (a perfectly ordinary event).

The second issue is service on the defendants. The court previously ordered the plaintiff to supplement its briefing on the issue of alternative service by providing authority supporting service by email specifically in Afghanistan and Great Britain (where the foreign defendants are located).[4] The court is inclined to order service on Awrish Builders, Abdul Mujeeb Mohmand, and Faisal Rahim but its intent was to have the plaintiff give some authority for its requested service. If counsel is unable to locate authority, it should say so. The court prefers to avoid engaging in unnecessary independent research.

---

[3] Cert. of Service – ECF No. 21 at 2.

[4] Order – ECF No. 20 at 4 (fully incorporated herein by this reference).

ORDER – No. 19-cv-02258-LB  2

The third issue is service on Abdul Muqeem Mohman, who apparently resides in Virginia. According to her declaration, the plaintiff's counsel is in communication with him (via email) and should ask for his address or for him to waive service, which would give him 60 days from the time the request is sent to file an answer or other response to the complaint. Fed. R. Civ. P. 4(d)(3).

Given the pending motion for a preliminary injunction, the court orders that the plaintiff provide an update on service on the government and the defendants and the status of the case by June 20, 2019.

**IT IS SO ORDERED.**

Dated: June 10, 2019

LAUREL BEELER
United States Magistrate Judge