UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| WEISS LAW, P.C., | Case No. 19-cv-02258-LB |
| Plaintiff, | |
| v. | **ORDER ADDRESSING SERVICE BY EMAIL ON DEFENDANTS** |
| AWRISH BUILDERS, et al., | Re: ECF No. 26 |
| Defendants. | |

On May 8, 2019, the plaintiff filed a motion to serve the defendants by email.[1] On May 20, 2019, the court issued an order denying that motion and directed the plaintiff to supplement its briefing on the issue of alternative service.[2] On June 20, 2019, in a status update, the plaintiff declared that it was "not able to find a case on point about the service of process via email."[3]

On July 11, 2019, the plaintiff asked the court to consider "Plaintiff's service of all Pleadings, including summons and complaint, upon Defendants via email as Ordered by the Court on 5/20/2019 as actual service on Defendants."[4]

---

[1] Mot. for Alternative Service – ECF No. 8

[2] Order – ECF No. 20.

[3] Pl.'s Status Update – ECF No. 31 at 2 (¶ 2).

[4] Pl.'s Case Management Statement – ECF No. 42 at 6.

ORDER – No. 19-cv-02258-LB

The court authorizes service by email the international defendants (Faisal Rahim and Abdul Mujeeb Mohmand) under Federal Rule of Civil Procedure 4(f)(3). Afghanistan is not a signatory to the Hague Convention, and courts have held that service by email on persons in Afghanistan is not prohibited by international agreements and is permitted under Federal Rule 4(f)(3).[5] *See U.S. ex rel., UXB Intern., Inc. v. 77 Insaat & Taahhut A.S.*, No. 7:14–cv–00339, 2015 WL 4208753, at*3 (W.D. Va. July 8, 2015) (citing Fed. R. Civ. P. 4(f)(3)). The United Kingdom is a party to the Hague Convention and does not object to service by email.[6] *Jenkins v. Pooke*, No. C 07-03112 JSW, 2009 WL 412987, at *2 (N.D. Cal. Feb. 17, 2009) ("the Jenkins have shown there are no other international agreements that would prohibit service of process in the United Kingdom via electronic mail, international mail, or international courier").

A separate issue is service on Abdul Muqeem Mohmand who, according to the plaintiff's complaint, is a citizen and resident of Virginia.[7] In its motion for email service the plaintiff stated (unsupported by a declaration attesting to the facts) that Abdul Muqeem Mohmand is "based in Kabul, Afghanistan."[8] On this record the court cannot conclude that service by email on Abdul Muqeem Mohmand is appropriate.

Usually the court authorizes service of process by email on a domestic defendant after a plaintiff tries to serve a defendant unsuccessfully. Then the inquiry is whether service by email is appropriate. *See* Cal. Civ. Proc. Code § 413.30 (a court "may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party served."); *Rio Props., Inc. v. Rio Int'l. Interlink*, 284 F.3d 1007, 1016–17 (9th Cir. 2002) (to comport with due process, the method of service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.") (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950));

---

[5] Department of State, Afghanistan Judicial Assistance Information, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Afghanistan.html (last visited July 15, 2019).

[6] Declarations of the United Kingdom, Hague Conference on Private Int'l Law, https://www.hcch.net/en/states/authorities/details3/?aid=278 (last visited July 15, 2019).

[7] Compl. – ECF No. 1 at 2 (¶ 3).

[8] Mot. – ECF No. 8 at 3.

*Facebook, Inc. v. Banana Ads, LLC*, 2012 WL 1038752, *3 (N.D. Cal. March 27, 2012) (authorizing service by email when (1) the defendants were engaged in online based businesses and "rel[ied] on email as a means of communication; " (2) Facebook unsuccessfully attempted to "locate and contact [the defendants] by postal mail and telephone;" and (3) under these circumstances, email service was "the best method for providing actual notice to" the defendants.) The fact record must be supplemented to establish the appropriateness of email service for the possibly Virginia-based Abdul Muqeem Mohmand.

The court authorizes service by email on Faisal Rahim (at faisal.rahim@awrishbuildersaf and laghman@live.com) and Abdul Mujeeb Mohmand (at mujeeb.mohmand@awrishbuilders.af and engmujeeb2003@yahoo.com). The court denies the plaintiff's request to serve Abdul Muqeem Mohmand by email. According to her declaration, the plaintiff's counsel is in communication with him (via email) and should ask for his address or for him to waive service, which would give him 60 days from the time the request is sent to file an answer or other response to the complaint. Fed. R. Civ. P. 4(d)(3). If that does not work, the plaintiff can renew its request for service by email.

**IT IS SO ORDERED.**

Dated: July 16, 2016

LAUREL BEELER
United States Magistrate Judge